DILLON et al. v. DONOHUE.

(Supreme Court, Appellate Term. October 5, 1898.)

APPEAL—QUESTIONS OF FACT.
       Where there is a direct conflict in the testimony of the parties to the suit, who are the only witnesses, the finding of the trial court on questions of fact will not be disturbed.

Appeal from Fifth district court.

Action by Charles P. Dillon and another against Lawrence F. Donohue for legal services. Judgment for plaintiffs, and defendant appeals. Affirmed on condition of a remittitur.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Dillon & Barrett, for plaintiffs.
William J. Walsh, for defendant.

GILDERSLEEVE, J. This action was brought to recover for legal services alleged to have been rendered by plaintiffs for defendant at the latter's request. The plaintiffs form the law firm of Dillon & Barrett, and the defendant was the executor of an estate. The plaintiff Dillon swears that his said firm was hired by defendant personally to settle up the estate, and that defendant agreed to be personally responsible for the services rendered. This is denied by the defendant, who claims that he only hired the plaintiffs in his capacity as executor, without especially assuming any personal liability. The only witnesses called are the two plaintiffs and the defendant. As the justice gave judgment for the plaintiffs, it is to be assumed that he found every material question of fact in favor of the plaintiffs. Upon this question of the alleged personal responsibility of the executor the conflict of evidence is sharp, the plaintiffs swearing that defendant agreed to be personally responsible for the plaintiffs' fees, and that he personally hired plaintiffs to do the work; while the defendant denies this statement. Upon this conflict of testimony the appellate term does not feel warranted in disturbing the conclusion reached by the trial justice, who had the witnesses before him, and was better able to determine where the truth lay than we are. The defendant swears that plaintiffs agreed to do the entire work of settling up the estate for $300, and that he was willing to pay that sum when the work was done. It is not disputed that the estate has not yet been settled, and it is the contention of defendant that plaintiffs are not entitled to recover, for the reason that the contract was an entire one, and plaintiffs have not yet completed their part thereof.

The plaintiff Dillon at first gave testimony which rather tended to support this view of the case, but, upon being allowed to retake the stand, he explained himself. It is the contention of the plaintiffs that they offered to go on and finish the work if the defendant would pay the bill, which they claim was rendered for services already performed, without extra charge; but that, as defendant did not pay the bill, this proposed contract was not made, and plaintiffs sue on a quantum meruit. Upon sharply conflicting evidence, the justice gave judgment for plaintiffs, and with this judgment the appellate term is not disposed to interfere, except with respect to the amount. The defendant swears that only $850 came into his hands as executor, and that only $350 now remain. The plaintiff Dillon swears that about $2,000 came into the executor's hands, but he admits that the estate is insolvent. It is true that the justice has found that plaintiffs were working in the employ of the defendant, and not of the estate, but, as the work was done in settling up the estate, the amount of the estate is to be considered in fixing the value of the services. The plaintiffs sue for $275, and the justice allowed them $195. The plaintiffs give a very detailed statement of the work performed, which we have examined with care, and, taking into consideration all the circumstances of the case, we are of opinion that the amount fixed by the justice is too large.

The judgment appealed from will be affirmed, with costs, on condition that plaintiffs stipulate to reduce the amount allowed by the justice for services to the sum of $125; otherwise, the judgment will be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.